FILED
2016 Feb-16  AM 11:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **CYNTHIA CROSSON,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.:  1:15-CV-1633-VEH** |
| | ] | |
| **HONDA MANUFACTURING OF ALABAMA,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION

### I.  Introduction and Procedural History

Plaintiff Cynthia Crosson ("Ms. Crosson") initiated this job discrimination case (Doc. 1) on September 18, 2015. Because Ms. Crosson failed to ever perfect service on Defendant, on January 26, 2016, the court entered an order directing "the Plaintiff show good cause within 11 days why this action should not be dismissed pursuant to FRCP 4(m)." (Doc. 7 at 1); *see also* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that

defendant or order that service be made within a specified time.").[1] Under Rule 4(m), the deadline to serve Defendant expired on December 17, 2015.[2]

Further, the court's show cause deadline ran on February 8, 2016. Ms. Crosson has neither filed a response, perfected service on Defendant, nor otherwise demonstrated good cause as unambiguously required by the court. Consequently, her case is due to be dismissed without prejudice *sua sponte*.

## II.   Analysis

As the foregoing procedural history reveals, Ms. Crosson has neither complied with Rule 4(m) nor provided any explanation for this non-compliance. Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).

Further, case law reinforces that, as a result of Ms. Crosson's failure to even attempt to comply with the show cause order or otherwise indicate an intent that she still wishes to pursue claims against Defendant (*e.g.*, such as by seeking an extension of time in which to perfect service on it), the court possesses the inherent power to

---

[1] Effective December 1, 2015, the time to perfect service under Rule 4(m) was reduced from 120 days to 90.

[2] Plaintiff's lack of service also fails to comply with the prior version of Rule 4(m) as the 120-day deadline expired January 19, 2016.

dismiss her case against Defendant *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *cf. also* FED. R. CIV. P. 1 ("[These rules] should be construed and administered to secure the just, <u>speedy</u>, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of its show cause order, Ms. Crosson was put on notice that the court was considering whether to dismiss her claims against Defendant for lack of prosecution

and, nonetheless, she ignored that warning and filed nothing. Even an unrepresented party's case is subject to dismissal when that litigant demonstrates an unwillingness to comply with court orders. *Cf., e.g. Moon*, 863 F.2d at 838 ("Moon's conduct and words evidence a refusal to acknowledge the authority of the magistrate and indicate no willingness to comply with court orders."); *id.* at 838 n.5 ("[A] plaintiff who ignore[s] notices and orders of the court [is not] excused merely because of her *pro se* status." (citing *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 (5th Cir. 1980))).[3]

Guided by the foregoing authorities, the court concludes that dismissing Ms. Crosson's action against Defendant "without prejudice" (rather than "with prejudice") is the most appropriate measure to take, especially as a "without prejudice" dismissal is consistent with the framework of Rule 4(m). *Cf. Phipps v. Blakeny*, 8 F.3d 788, 790-91 (11th Cir. 1993) ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case."). Simply

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

put, a "without prejudice" dismissal means that the merits of Ms. Crosson's claims against Defendant, if any, are not barred from further litigation by such an order.

## III.    Conclusion

Therefore, Ms. Crosson's claims against Defendant are due to be dismissed without prejudice due to her failure to prosecute as provided for under the Federal Rules of Civil Procedure and the express requirements of this court's January 26, 2016, show cause order. The court will enter a separate order in conformance with this memorandum opinion.

**DONE** and **ORDERED** this 16th day of February, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge